# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

April 4, 2025

**Via ECF**
Hon. Peggy Kuo U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    **Joint Status Report**
**1:23-cv-04729-RER-PK** *Figueroa v. Mayflower International Hotel Group Inc et al*

Your Honor,

      This office represents the Plaintiff in the above-referenced matter. We write with the consent of Defendants' counsel and pursuant to the Court Order dated March 26, 2025 to provide a joint status report by April 4, 2025 to indicate whether all discovery has been completed, or if not, provide new proposed deadlines for completion of all remaining discovery.

      Per the Minute Entry and Order dated February 6, 2026, Plaintiff provided the service of the revised 30(b)(6) topics on February 10, 2025. To date, Corporate Defendants did not identify a designated 30(b)(6) witness or clearly communicate why they are unable to identify an individual or individuals who can answer questions on Plaintiff's questions.

      Plaintiff provided the Zoom recordings links on February 5, 2025 for Wei Hong Hu on November 5, 2024 and November 8, 2024 and for Henley Liang on November 29, 2024. Defendants' counsel confirmed receipt that same day. It was not until April 4, 2025 at 4:25 p.m that Defendants sent an "Errata Sheet", *see* Exhibit 1, attached, that is not only late but also fail to provide proposed corrections to their deposition transcripts in two instances, instead referring to the timestamp of the video. Plaintiff's position is that Defendants have passed their deadline and Defendants never claimed that they cannot access the links until the April 3, 2025 meet and confer, but instead confirmed receipt of the link with thanks on February 5, 2025.

      To date, Defendants did not provide any supplemental or corrected discovery responses pursuant to Fed. R. Civ. P. 26(e) as to Henley Liang.

      Plaintiff provided the Dropbox link to the deposition exhibits on February 4, 2025, which re-forwarded the email originally sent on December 12, 2024, and a follow up email on February 5, 2025 requesting that Defendants' counsel confirm that she is able to access and open the Dropbox link. That email was not responded to.

Hon. Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
1:23-cv-04729-RER-PK *Figueroa v. Mayflower International Hotel Group Inc et al*
Page **2** of **2**

  Thereafter, in advance of the Joint Status Report due date, Tiffany Troy on behalf of Plaintiff and Bo Chen on behalf of Defendants have conferred via email between March 27, 2025 and April 2, 2025 and in person on April 3, 2025. Specifically, Plaintiff requested Ms. Chen to provide the dates for the corporate representative.

  In response, Ms. Chen claims that the review of Hu and Liang's deposition transcript cannot be completed because the recording links provided by the plaintiff were not downloadable, and the recording videos no longer existed, unless the plaintiff provided the recording documents (not the link), the corrections cannot be made. Ms. Chen said that Ms. Hu could not be reached since February 2025 because she was under the custody of law enforcement. Moreover, Ms. Chen and her law firm have not received any legal fees from Defendants for over 6 months (since last August, 2024) because all Ms. Hu and her business bank accounts were frozen by the government for criminal investigation. Upon information from Ms. Hu's criminal defense attorney this week that Ms. Hu and her family members are now officially indicted by the U.S. Attorney at EDNY, and advised that all her civil cases shall stay until her criminal case is resolved. For the foregoing reasons, Ms. Chen and her law firm were unable to continue to defend Ms. Hu and her businesses effectively and request to file a motion (1) staying the civil proceedings against Ms. Hu and her businesses at this court until her criminal proceedings is resolved; (2) withdrawing the representation of Ms. Hu and her businesses and allowing Ms. Hu at least 30 days seeking new counsel (the other Defendant Mr. Henley Liang is still considering if still retain us for representation).

  Plaintiff respectfully request that a 30(b)(6) witness be identified by the Defendants by a date certain to be ordered by the Court so that the discovery may be complete in the present case. As discussed during the Court conference, that is likely not Ms. Hu and that deposition can proceed notwithstanding the indictment.

  We thank the Court for its time and consideration in this matter and apologize for any inconvenience.

              Respectfully Submitted,

              /s/ John Troy_____
                John Troy
               *Attorney for Plaintiff*

*Cc:* all Counsel of record *via* ecf
*JT/mh*