# Troy Law, PLLC
## ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

July 18, 2025

**Via ECF**
Hon. Ramon E. Reyes, Jr., U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Opposition to Defendants' Request for Summary Judgment Pre-Motion Conference
and Response to Request to Extend Time to Submit Joint Pre-Trial Order**
*Figueroa v. Mayflower Int'l Hotel Grp., Inc.*, No. 23-cv-04729 (RER) (PK), (E.D.N.Y.)
Your Honor,

We represent the Plaintiff in the above-referenced matter. We write respectfully to: (1) join Defendants' request to extend the deadline to submit the Joint Pre-Trial Order by two weeks, from July 18, 2025 through August 1, 2025 and (2) to oppose Defendants' request for a pre-motion conference regarding their anticipated motion for summary judgment and to adjourn the deadline to submit a pretrial order to accommodate such motion. *See* Dkt. No. 50.

Good cause for the extension exists due to the fact that Plaintiff's counsel's firm was engaged in a three-day jury trial from July 14, 2025 through July 16, 2025, and the firm's managing attorney had a medical emergency that necessitated a surgery and a three-day hospital stay. This in turn led to a delay in provision of Plaintiff's draft of the Joint Pre-Trial Order to the Defendant, for which we sincerely apologize. Plaintiff has emailed the JPTO to the Defendants this morning and join them in the request for a slight extension of time.

As set forth below, Defendants' request is procedurally improper for failure to include a statement of material facts, and for untimeliness. Defendants' request fails substantively because there is a genuine dispute of material fact as to whether the gender-based harassing conduct by the shelter residents can be imputed to the Defendants, Plaintiff can prove that her alleged damages was caused by gender-based sexual and physical violence and any recovery from workmen compensation and New York State court does not preclude her from recovering against Mayflower Defendants.

## I.   Defendants' Motion Is Procedurally Improper

### a.   Defendants Failed to Include a Statement of Material Facts

Defendants' request for a pre-motion conference regarding their contemplated motion for summary judgment must be denied for failure to comply with the Individual Practices of Judge Ramon E. Reyes, Jr. (the "Individual Practices"). Rule IV(A)(2) of the Individual Practices requires that "[i]f a motion is for summary judgment under Rule 56, the movant's pre-conference letter must... include a copy of the movant's Local Rule 56.1 statement and all exhibits in support of the anticipated motion" and that "[e]ach assertion in the Local Rule 56.1 Statement must include

Hon. Ramon E. Reyes, Jr., U.S.D.J.
July 18, 2025
*Figueroa v. Mayflower Int'l Hotel Grp., Inc.*, No. 23-cv-04729 (RER) (PK), (E.D.N.Y.)
Page 2 of 4

a citation to specific evidentiary support from the record." Indiv. Prac. RER IV(A)(2). Defendants' pre-conference letter, Dkt. No. 50, contains no such 56.1 Statement. "The purpose of a 56.1 statement is to 'streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.'" *Fujifilm N. Am. Corp. v. PLR IP Holdings, Inc.*, No. 17-cv-08796 (NRB), 2024 WL 3520231, 2024 U.S. Dist. LEXIS 131827, at *6–7 (S.D.N.Y July 24, 2024) (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2011)). Failure to include a Rule 56.1 statement obviously defeats this purpose and deprives the Court of a fully-developed record on which to base a summary judgment decision. *See* RER IV(A)(5) ("In appropriate cases, the Court may exercise its discretion to construe the pre-motion letter, along with counsel's arguments at the pre-motion conference, as the motion brief."); *see also McGowan v. Stanley*, No. 23-7769-cv, 2024 WL 5038633, 2024 U.S. App. LEXIS 31025, at *4 ("A district court 'may in its discretion opt to conduct an assiduous review of the record,'… but district courts are 'not required to consider what the parties fail to point out in their Local Rule 56.1 statements.'") (citing *Holtz*, 258 F.3d at 73. Accordingly, failure to include a Local Rule 56.1 Statement, standing alone, is good and sufficient reason to deny a motion for summary judgment. *See, e.g., McGowan*, 2024 U.S. App. LEXIS 31025, at *4 ("This Court has instructed that Local Rule 56.1 is 'strict.'") (quoting *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009)); *Rosas v. Miri Gen Contr. Inc.*, No. 24-cv-04243, 2025 U.S. Dist. LEXIS 92050, at *7 (E.D.N.Y. May 14, 2025) (citing *Allstate Life Ins. Co. v. Mota*, No. 21-cv-00908 (LJL), 2022 WL 1606449, 2022 U.S. Dist. LEXIS 91339, at *18 (S.D.N.Y. May 20, 2022) ("Courts in this District and in the Eastern District of New York have denied summary judgment based on a party's failure to comply with Local Rule 56.1.") (collecting cases); *Purisima v. Tiffany Entm't*, No. 09-cv-03502 (NGG) (LB), 2014 WL 3828291, 2014 U.S. Dist. LEXIS 108082, at *4 (June 20, 2014), *adopted by* 2014 WL 3828376, 2014 U.S. Dist. LEXIS 106769 (E.D.N.Y. July 31, 2014) ("As courts in this district have observed repeatedly, the failure to file a Rule 56.1 Statement is grounds for dismissal of a motion for summary judgment.") (collecting cases); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006) (denying motion for summary judgment because moving party failed to submit the required 56.1 statement); *Searight v. Doherty Enters., Inc.*, No. 02-cv-00604 (SJF) (JO), 2005 WL 2413590, 2005 U.S. Dist. LEXIS 42681, at *4 (E.D.N.Y. Sep. 29, 2005) (same)). The Court should therefore decline to permit Defendants to move for summary judgment.

### b. Defendants' Request for a Pre-Motion Conference Is Untimely

The parties and the Court have consistently contemplated that requests for pre-motion conferences for dispositive motions, if any, were to be made within one month of the close of discovery, and that a pretrial order was to be filed within two months of the close of discovery. *See* Dkt. No. 23 §§ C(7) ("Joint status report certifying close of ALL DISCOVERY and indicating whether dispositive motion is anticipated: 12/23/2024"), C(8) ("If any party seeks a **dispositive motion**, date to (a) file request for pre-motion conference (if required), or (b) file briefing schedule for the motion: 1/23/2025"), C(9) (Proposed Joint Pre-Trial Order due (if no dispositive motion filed): 2/21/2025) (emphasis in original); Dkt. No. 31 §§ C(7) ("Joint status report certifying close of ALL DISCOVERY and indicating whether dispositive motion is anticipated: 12/13/2024"), C(8) ("If any party seeks a **dispositive motion**, date to (a) file request for pre-motion conference (if

Hon. Ramon E. Reyes, Jr., U.S.D.J.
July 18, 2025
*Figueroa v. Mayflower Int'l Hotel Grp., Inc.*, No. 23-cv-04729 (RER) (PK), (E.D.N.Y.)
Page 3 of 4

required), or (b) file briefing schedule for the motion: 1/13/2025"), C(9) (Proposed Joint Pre-Trial Order due (if no dispositive motion filed): 2/13/2025) (emphasis in original). Further, the parties were to certify, along with their certification of the close of discovery, whether they intended to make any dispositive motions. *See* Dkt. No. 31 § C(7).

The parties certified the close of discovery in a joint status report on May 16, 2025 due to disputes over, *inter alia*, Defendants' non-identification of a corporate representative witness to depose under Rule 30(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 42; *see also* Dkt. No. 41; Min. Entry and Order (Apr. 14, 2025). Defendants did not certify in the joint status report that they intended to make any dispositive motions. *See* Dkt. No. 42. Accordingly, Defendants should be estopped from moving for summary judgment.

Further, Magistrate Judge Kuo certified the completion of discovery on May 19, 2025. *See* Order (May 19, 2025). On May 21, 2025, Your Honor set today, July 18, 2025, as the deadline to submit a proposed pretrial order. *See* Trial Mgmt. Order (May 21, 2025). Accordingly, if they were not estopped from moving for summary judgment by their waiver in the joint status report, Defendants should have submitted their pre-motion conference request on or about June 18, 2025. Instead, Defendants waited until July 16, 2025, two days before the pretrial order was due, in a self-admitted gambit to further delay the resolution of this matter. *See* Dkt. No. 50.

## II. Defendants Fail to Make a Substantive Case for Summary Judgment

Defendants do not seriously dispute that Plaintiff routinely suffered a variety of plainly unwelcome gender-based conduct by shelter residents: sexual propositions, threats of sexual assault, intentional display of their genitalia to Plaintiff and the cleaning staff, and gender-based slurs or that they were informed of instances of misconduct. Defendants contend that they do not exercise any control over conditions at Howard Johnson Hotel to address the complained-of misconduct. This disagreement precludes summary judgment for Defendant.

Plaintiff identifies instances in which they claim Defendant could have taken action to increase employee safety and reduce harassment, either by implementing policies directly or by pressuring the New York City which exercised day-to-day control over its security. Plaintiff claims (1) that Defendant did not take action to address complaints of sexual harassment and abuse but rather brushed off, laughed at, and told Plaintiff to "bear with it", (2) that Defendants pressured Plaintiff to not file reports; (3) that Defendant rejected Plaintiff's transfer request.

In *Serena Thompson et al v. Corizon Health Inc. et al*, No. 18-cv-07139, Dkt. No. 135 (S.D.N.Y. Jan. 12, 2021), a case involving female prison healthcare providers who were subject to repeated sexual harassment by inmates, the Court denied summary judgment because even if "'plaintiffs' chosen occupation necessarily places them in the company of…, men not distinguished for commendable deportment or courtly display of social graces, and… as a result, exposure to an occasional embarrassing remark or situation is to be expected,'… a reasonable juror could conclude that the complained-of conduct far exceeds tolerable workplace conditions, instead presenting severe health and safety issues for Plaintiffs." *Id.*, at *5 (quoting *Dawson v. Cty. of Westchester*, 373 F.3d 265, 273 (2d Cir. 2004)). In *Serena Thompson*, the Court held that the

Hon. Ramon E. Reyes, Jr., U.S.D.J.
July 18, 2025
*Figueroa v. Mayflower Int'l Hotel Grp., Inc.*, No. 23-cv-04729 (RER) (PK), (E.D.N.Y.)
Page 4 of 4

"[a]lthough work with mentally ill inmates can be expected to involve some degree of unwelcome conduct, employers are still required to take remedial action within their control to address known inmate misconduct, particularly the sort of egregiously dangerous and harassing misconduct at issue in this case." *Id.*, at *7 (citing *Beckford v. Dep't of Corr.*, 605 F.3d 951, 953 (11th Cir. 2010) (affirming that jury could find department of corrections liable under Title VII for failing to (1) implement policies addressing exhibitionist masturbation by inmates in front of female nurses or (2) mitigate the issue by permitting medical care to be provided to inmates in separate areas); *Freitag v. Ayers*, 468 F.3d 528, 533 (9th Cir. 2006) (affirming jury verdict holding prison liable under Title VII for failing to take remedial and preventative action in response to complaints of frequent exhibitionist masturbation, spraying with semen, and death threats)).

In the analogous context of customer harassment, one court persuasively noted that such standards should be at least consistent with related state and federal statutes, in light of the NYCHRL's broad remedial sweep: with respect to customer harassment, it is well established in this circuit that courts "impute employer liability for harassment by non-employees according to the same standards [under the NYCHRL] for non-supervisory co-workers, with the qualification that [they] will consider the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees." *Swiderski v. Urban Outfitters, Inc.*, No. 14-cv-06307, 2017 WL 6502221, 2017 U.S. Dist. LEXIS 207451, at *19 (S.D.N.Y. Dec. 18, 2017) (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013), and applying the NYSHRL standard set forth in *Summa* to the plaintiff's NYCHRL claim).

As in *Serena Thompson*, Plaintiff is able to present evidence that connects the "gender-based misconduct that Plaintiffs complain of and workplace safety -- evidence of sexual violence, as well as evidence that violent conduct went hand-in-hand with sexual harassment." *Id.*, at *5.

Lastly, the claim sought by Plaintiff in the workmen compensation claim does not preclude her from recovering under Title VII, NYSHRL, and NYCHRL. *See Sloth v. Constellation Brands, Inc.*, 924 F. Supp. 2d 461, 468-69 (W.D.N.Y. 2013) ("There is no question that the Workers' Compensation Board determination has no preclusive effect on her claims.").

For the above-stated reasons, the Court should deny Defendants' request for a pre-motion conference as to their anticipated motion for summary judgment, and should grant Defendants' request to adjourn the pretrial order filing deadline, but limit it to two weeks from today's date. We thank the Court for its attention to and consideration of this matter.

<div style="margin-left: 40%;">

Respectfully submitted,
TROY LAW, PLLC
 /s/ John Troy
John Troy
*Attorney for Plaintiff*

</div>

cc: via ECF
    all counsel of record
    TTH/asb