**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
JEANNETTE FIGUEROA,
*on her own behalf and on behalf of others similarly situated,*

                                            Plaintiff,        Case No. 23-cv-04729 (RER) (PK)

                      v.                           **PLAINTIFF'S NEUTRAL CASE STATEMENT**

MAYFLOWER INTERNATIONAL HOTEL GROUP
    INC
      d/b/a Mayflower Hotel
      d/b/a Wyndham Garden,
YAN ZHI HOTEL MANAGEMENT INC
      d/b/a Mayflower Hotel
      d/b/a Howard Johnson Hotel,
WEIHONG HU
      a/k/a Wei Hong Hu, and
HENLEY LIANG,
                                          Defendants.
------------------------------------------------------------------ x

Plaintiff has sought to work with Defendants on the below Neutral Case Statement since the Court direct the parties to work together to submit a Joint Neutral Case Statement during the Jury Selection Pre-Trial Conference before the Hon. Magistrate Judge Peggy Kuo yesterday. Unfortunately, after following up this morning on October 16, 2025 after an exchange of drafts, Plaintiff was informed that Defendants would like to file separately. Plaintiff has informed the Defendants that the Court desired for the statement to be filed jointly to no avail. Accordingly, Plaintiff is including three versions (the red-lined version of Plaintiff's proposed edits to Defendants' statement; as well as clean versions of both Plaintiff's version and Defendants' version of Defendants' statement) below. The parties are in agreement with the below "Agreed Upon Joint Statement" but disagree as to the recitation Defendants' defenses, as outlined below.

      **Agreed Upon Joint Statement**

        This is a civil matter in which the Plaintiff, JEANETTE FIGUEROA ("Plaintiff"),

1

alleges that the Defendants MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC d/b/a Mayflower Hotel d/b/a Howard Johnson Hotel; WEIHONG HU a/k/a Wei Hong Hu, and HENLEY LIANG violated Plaintiff's statutory rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("SHRL"), and New York City Human Rights Law ("CRL") by creating an unlawful hostile work environment based upon Plaintiff's sex. Plaintiff, a female assistant manager, contends that she routinely suffered a variety of plainly unwelcome gender-based conduct by shelter residents: sexual propositions, threats of sexual assault, intentional display of their genitalia to Plaintiff and the cleaning staff, and gender-based slurs. Plaintiff claims (1) that Defendant did not take action to address complaints of sexual harassment and abuse but rather brushed off, laughed at, and told Plaintiff to "bear with it", (2) that Defendants pressured Plaintiff to not file reports; (3) that Defendant rejected Plaintiff's transfer request.

**Comparison between Plaintiff's version and Defendant's version**

Defendants denied all the charges against them based on Title VII and related state and city law because Howard Johnson Hotel was ~~drafted~~ utilized by New York City (or its agency) to be used as a shelter for the mentally challenged people (called "residents") during the employment of Plaintiff. Defendants claim ~~, and~~ that the management of the shelter including the security of shelter and management of residents was sole responsibility of the City according to the contract; (2) the alleged harasser of Plaintiff is a shelter resident, but not Plaintiff's employer, supervisor or co-worker, ~~thus the hotel management has no control or right to control;~~ and that (3) the alleged injury of Plaintiff was not caused by sexual harassment or sexual discrimination.

**Plaintiff's version**

Defendants denied all the charges against them based on Title VII and related state and city law because Howard Johnson Hotel was utilized by New York City (or its agency) to be used as a shelter for the mentally challenged people (called "residents") during the employment of Plaintiff. Defendants claim that the management of the shelter including the security of shelter and management of residents was sole responsibility of the City according to the contract; (2) the alleged harasser of Plaintiff is a shelter resident, but not Plaintiff's employer, supervisor or co-worker, and that (3) the alleged injury of Plaintiff was not caused by sexual harassment or sexual discrimination.

**Defendant's version**

Defendants denied all the charges against them based on Title VII and related state and city law because Howard Johnson Hotel was drafted by New York City (or its agency) to be used as a shelter for the mentally challenged people (called "residents") during the employment of Plaintiff, and the management of the shelter including the security of shelter and management of residents was sole responsibility of the City according to the contract; (2) the alleged harasser of Plaintiff is a shelter resident, but not Plaintiff's employer, supervisor or co-worker, thus the hotel management has no control or right to control; (3) the alleged injury of Plaintiff was not caused by sexual harassment or sexual discrimination.

On the basis of this brief description, is there any reason why any of you would be unable to sit as a juror and decide this case only on the basis of the evidence that you hear and the law as the Court instructs you?

Respectfully submitted,
<u>Plaintiff</u>
Aaron B. Schweitzer
John Troy
Tiffany Troy
41-25 Kissena Blvd, Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
Email: TroyLaw@TroyPllc.com

<u>*/s/ John Troy*</u>
John Troy, Esq.

4