**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
JEANNETTE FIGUEROA,
*on her own behalf and on behalf of others similarly situated,*

                    Plaintiff,

v.

MAYFLOWER INTERNATIONAL HOTEL GROUP
    INC
      d/b/a Mayflower Hotel
      d/b/a Wyndham Garden,
YAN ZHI HOTEL MANAGEMENT INC
      d/b/a Mayflower Hotel
      d/b/a Howard Johnson Hotel,
WEIHONG HU
      a/k/a Wei Hong Hu, and
HENLEY LIANG,

                    Defendants.
-----------------------------------------------------------------x

**[ENDORSED]**

Case No. 23-cv-04729 (RER) (PK)

**[JOINTLY-PROPOSED]**
**PRETRIAL ORDER**

The Honorable Ramon Reyes, U.S. District Judge:

    The parties, having conferred pursuant to Fed. R. Civ. P. 16 and Hon. Ramon Reyes's Individual Rules and Practices, the following matters have been agreed to by counsel, and are hereby ordered:[1]

### I. CAPTION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
JEANNETTE FIGUEROA,
*on her own behalf and on behalf of others similarly situated,*

                    Plaintiff,   Case No. 23-cv-04729 (RER) (PK)

v.

MAYFLOWER INTERNATIONAL HOTEL GROUP
    INC
      d/b/a Mayflower Hotel
      d/b/a Wyndham Garden,

---

[1] This document incorporates submissions from Plaintiff and Defendants. Each party was responsible for their own section.

YAN ZHI HOTEL MANAGEMENT INC
 d/b/a Mayflower Hotel
 d/b/a Howard Johnson Hotel,
WEIHONG HU
 a/k/a Wei Hong Hu, and
HENLEY LIANG,
         Defendants.
-------------------------------------------------------------------x

## II. PARTIES AND COUNSEL

| Plaintiff | Defendants |
|---|---|
| Aaron B. Schweitzer | Kevin Kerveng Tung |
| John Troy | Bo Chen |
| Tiffany Troy | |
| TROY LAW, PLLC | KEVIN KERVENG TUNG, P.C. |
| 41-25 Kissena Boulevard | 136-20 38th Avenue |
| Suite 110 | Suite 3D |
| Flushing, NY 11355 | Flushing, NY 11354 |
| Tel: (718) 762-1324 | Tel: 718- 939- 4633 |
| Email: TroyLaw@TroyPllc.com | Email: bchen@kktlawfirm.com |

## III. JURISDICTION

Plaintiff

This Court has original jurisdiction over Plaintiff's Title VII, 42 U.S.C. § 2000 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under the laws of the United States. This court has supplemental jurisdiction over Plaintiff's claims arising under the NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367(a), because these claims are so related to Plaintiff's claims arising under the Title VII respectively that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this case pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions which give rise to Plaintiff's claim took place in Queens County, State of New York which is located in the judicial district of the Eastern District of New York.

Defendants

Defendant contested the original jurisdiction of this action because the alleged sexual harassment/sexual discrimination the Plaintiff complained of was from a shelter guest (resident) of a shelter program set up by the New York City or its agency at the hotel. The sex harasser (shelter guest) was neither a co-worker nor a supervisor/employer of Plaintiff, and Hotel defendants have no control or right to control; therefore, Title VII, 42 U.S.C. §2000, et seq, and NYSHRL and NYCHRL are not applicable in this action.

## IV. CLAIMS & DEFENSES

Plaintiff's Claims Remaining to be Tried

1. Whether Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") by creating an intimidating, hostile, or offensive working environment for Plaintiff based on her sex; 42 U.S.C. § 2000e-2(a)(1); 29 C.F.R. § 1604.11(a)(3);

2. Whether Defendants violated the New York State Human Rights Law ("NYSHRL") by creating an intimidating, hostile, or offensive working environment for Plaintiff based on her sex; N.Y.S. Hum. R. L. §§ 296(1)(a), 296(6); and

3. Whether Defendants violated New York Human Rights Law ("NYCHRL") by creating an intimidating, hostile, or offensive working environment for Plaintiff based on her sex; NYCHRL, Administrative Code of the City of New York 8-101, et seq.

Defendants' Defenses

Defendants contend that the Plaintiff's claims shall be decided by the judge as a matter of law, not by a jury.

1. The plaintiff was working at a shelter as a front desk receptionist for mentally challenged homeless individuals (veterans) in a shelter program set up by the City of New York or its agency at the hotel. The security and management of the shelter was the sole responsibility of the City (or the third party hired by the City). The sexual harasser is neither the plaintiff co-worker, nor her supervisor, nor her employer, but a shelter guest, whom the hotel defendants have no control or right to control, thus Title VII and NYSHRL, and NYCHRL do not apply.

    Under the stricter NYSHRL standard, the customers' conduct cannot be imputed to Employer Defendant. Under state law, imputation requires "a showing that the employer became a party to the discriminatory conduct" by "encouraging, condoning, or approving of the conduct." See *Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 361 (S.D.N.Y. 2007). There is no evidence that hotel defendants were encouraging, condoning, or approving of shelter guests' sexual harassment/sexual discrimination of shelter guests because hotel management was not involved in the management of the shelter at all; thus, Hotel Defendants shall not be liable for shelter guests' misconduct under Title VII and NYSHRL or NYCHRL.

2. Conduct that is offensive but that is directed at and impacts members of protected classes equally is not actionable under Title VII. "Put bluntly, the equal opportunity harasser escapes the purview of Title VII liability." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 38 n.88 (2d Cir. 2019) (quoting *Brown v. Henderson*, 115 F. Supp. 2d 445, 450 (S.D.N.Y. 2000)). "In other words, an environment which is equally harsh for both men and women or for both young and old does not constitute a hostile working environment under the civil rights statutes." *Sherman v. Fivesky, LLC*,

2020 U.S. Dist. LEXIS 78801at 17; *see also Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012). The alleged hostile working environment created by the hotel guests' sexual harassment is equally harsh for all the hotel employees working at the shelter; thus, Plaintiff's Title VII claims are not actionable.

3. An adverse employment action is a "materially adverse change in the terms of conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). It is "one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). "Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id*. The plaintiff neither changed her working position/title, nor was there a decrease in salary throughout her employment at the hotel, and voluntarily left her employment at the hotel in 2021, thus, the plaintiff's "adverse employment action" claim shall be dismissed by this court as a matter of law.

## V. JURY OR BENCH TRIAL & TRIAL LENGTH

Plaintiff

This case is to be tried to a jury. Plaintiff estimates that the trial should need two to three days.

Defendants

This case should be tried by the judge as a matter of law.

## VI. CONSENT TO TRIAL BY MAGISTRATE

Not all parties consent to trial by a magistrate.

## VII. STATEMENT OF RELIEF SOUGHT

Plaintiff:

Plaintiff seeks back pay for the period between Plaintiff's termination and her securing a new job with equal or greater compensation; compensatory damages for emotional distress; and punitive damages for intentional discrimination.

Defendants:

No relief can be granted by this Court because the Plaintiff did not demonstrate any damage/injury caused by the alleged sexual harassment/ sexual discrimination from the shelter guest. The plaintiff voluntarily left her employment at the hotel in 2021. The Plaintiff failed to plead back pay, wrongful termination, retaliation, or emotional distress for relief in the Amended Complaint.

### VIII. WITNESSES

Plaintiff's

1. Plaintiff JEANNETTE FIGUEROA will testify as to the severity and pervasiveness of the sexual harassment she suffered at the Howard Johnson Hotel, her efforts to report same, reactions of management to her reporting, and adverse employment actions taken against her following her reporting.

2. DAVID R. ANDERSON, 1535 University Avenue, Apt. 10F, Bronx, NY 10453. He will testify as to the severity and pervasiveness of the sexual harassment JEANNETTE FIGUEROA suffered at the Howard Johnson Hotel, her efforts to report same, reactions of management to her reporting, and adverse employment actions taken against her following her reporting.

   Defendants oppose Plaintiff's witness DAVID R. ANDERSON from testifying at trial because (1) he is not a party in this action, in that the Plaintiff's class action motion has not been granted by the court; (2) he cannot testify as Plaintiff's witnesses because the Plaintiff failed to identify the witnesses' names and addresses during the discovery process: failure to identify the subject of information in initial disclosure under Fed. R. Civ. P. 26(a)(1)(A)(i) or supplemental disclosure under Fed. R. Civ. P. 26(e), thus they shall be precluded from testifying at trial.

   Plaintiff responds to Defendants' objection as follows: (1) an individual need not be a party to a lawsuit in order to present relevant testimony bearing on the issues in the case; and (2) this witness was identified in the course of discovery as a person with knowledge relevant to the claims and defenses in this case.

3. FIONA WHITAKER, 110 Coursen Place, Staten Island, NY 10304. She will testify as to the severity and pervasiveness of the sexual harassment JEANNETTE FIGUEROA suffered at the Howard Johnson Hotel, her efforts to report same, reactions of management to her reporting, and adverse employment actions taken against her following her reporting.

   Defendants oppose Plaintiff's witness FIONA WHITAKER from testifying at trial because (1) she is not a party in this action, in that the Plaintiff's class action motion has not been granted by the court; (2) she cannot testify as Plaintiff's witnesses because the Plaintiff failed to identify the witnesses' names and addresses during the discovery process: failure to identify the subject of information in initial disclosure under Fed. R. Civ. P. 26(a)(1)(A)(i) or supplemental disclosure under Fed. R. Civ. P. 26(e), thus they shall be precluded from testifying at trial.

   Plaintiff responds to Defendants' objection as follows: (1) an individual need not be a party to a lawsuit in order to present relevant testimony bearing on the issues in the case; and (2) this witness was identified in the course of discovery as a person with knowledge relevant to the claims and defenses in this case.

4. WEIHONG HU (if not called by the Defendant). She will testify as to the severity and pervasiveness of the sexual harassment JEANNETTE FIGUEROA suffered at the Howard Johnson Hotel, her efforts to report same, reactions of management to her reporting, and adverse employment actions taken against her following her reporting.

5. HENLEY LIANG (if not called by the Defendant). He will testify as to the severity and pervasiveness of the sexual harassment JEANNETTE FIGUEROA suffered at the Howard Johnson Hotel, her efforts to report same, reactions of management to her reporting, and adverse employment actions taken against her following her reporting.

Defendant's Witness

1. HENLEY LIANG: The plaintiff's supervisor during employment with the Hotel. The hotel Defendants shall not be liable for the sexual harassment of the shelter guests.

2. WEIHONG HU: The owner of corporate defendants. Plaintiff's Title VII and related state claims against individual Defendant Weihong Hu shall be dismissed as a matter of law because she did not work at the hotel, nor did she know the plaintiff or the sexual harasser (shelter guest), thus no liability can be imputed to the individual employer for the misconduct of the shelter guests.

3. JEANNETTE FIGUEROA: The plaintiff failed to state a claim upon which relief can be granted.

4.

## IX. DEPOSITION TESTIMONY

Plaintiff's

Plaintiff does not anticipate offering deposition testimony in her case in chief. However, Plaintiff reserves the right to use the transcript of the deposition of Defendants WEIHONG HU and HENLEY LIANG for impeachment purposes only.

Defendants

Defendants will testify in person at trial. Defendants reserve the right to use Plaintiff's deposition transcript at trial for impeachment purposes.

## X. STIPULATIONS AS TO FACTS OR LAW

N/A

## XI. EXHIBITS

Plaintiff's

| Ex. | Description | Objection(s) | Response(s) |
|---|---|---|---|
| 1 | Earnings Statement to Jeannette Figueroa from Mayflower International Hotel Group and Yan Zhi Hotel Management Inc (P DP 001–008) | Irrelevant to the claims and defenses in this action | Relevant to back pay, front pay |
| 2 | Skype Messages between Plaintiff Jeannette Figueroa and Defendant Henley Liang (P DP 009–013) | Hearsay | Party opponent statements; not offered for the truth of the matters asserted |
| 3 | Skye Messages between Plaintiff Jeannette Figueroa and Fiona Whitaker (P DP 014–P DP 015) | Hearsay; Irrelevant to the claims and defenses in this action | Not offered for the truth of the matters asserted; Goes to show internal reporting of sexual harassment incidents |
| 4 | Video of Personal Injury (P VP 001) | Irrelevant to claims and defenses in this action | Relevant to showing harassing behavior complained of |
| 5 | Employee QuickReport of Mayflower International Hotel Group (Def DP) | Irrelevant to claims and defenses in this action | Relevant to back pay, front pay |
| 6 | NYS-45 from July 1–September 30, 2021 of Mayflower International Hotel Group (Def DP) | Irrelevant to claims and defenses in this action | Relevant to back pay, front pay |
| 7 | Medical Records from New York Spine Institute (P DP 016–P DP 021) | | |
| 8 | Bridge Medical Clinical Psychology Evaluation Notes (P DP 024–P DP 108) | | |

| | | | |
|---|---|---|---|
| 9 | New York Vein Treatment Medical Record (P DP 117–P DP 137) | | |
| 10 | New York Spine Institute Westbury Medical Record (P DP 138–P DP 152) | | |
| 11 | New York Spine Institute Westbury Progress Notes (P DP 153–P DP 200) | | |
| 12 | Fifth Avenue Surgery Center Operative Report (P DP 203–P DP 204) | | |
| 13 | McCulloch Orthopaedic Surgical Services PLLC Report (P DP 205–P DP 210) | | |
| 14 | Alpa 3T MRI Report (P DP 211–217) | | |
| 15 | DHD Medical NYC Follow Up Bill and Evaluation Report (P DP 218–225) | | |
| 16 | Lenox Hill Radiology Evaluation Report (P DP 250–254) | | |
| 17 | Jeffry Perry Examination Report (P DP 255–261) | | |
| 18 | NYC Medical & Neurological Offices, P.C. Brain Injury Medicine Evaluation (P DP 266–P DP 268) | | |
| 19 | Alpa 3T MRI Report August 10, 2021 (P DP 269–P DP 277) | | |
| 20 | McCulloch Orthopaedic Surgical Services PLLC Report (P DP 278–P DP 283) | | |
| 21 | Alpa 3T MRI Report September 14, 2021 (P DP 292–P DP 302) | | |

| | | | |
|---|---|---|---|
| 22 | Pain Physician NY, PLLC Medical Report (P DP 303–P DP 356) | | |
| 23 | Alpa 3T MRI Report (P DP 357–P DP 368) | | |
| 24 | Behavioral Medicine Associates Progress Note (P DP 384–P DP 400) | | |
| 25 | Alan I. Kaplan & Joel Gottlier PC Orthopedic Notes (P DP 412–P DP 429) | | |
| 26 | Mill Basin Multi-Medicine & Rehabilitation Physical Therapy Notes (P DP 486–P 491) | | |
| 27 | Nitin Narkhede M.D. Medical Report (P DP 493–P DP 500) | | |
| 28 | Dr. Gottlieb, Dr. Kaplan, Dr. Faer, Chiropractic Notes (P DP 523–P DP 532) | | |
| 29 | New York Spine Institute Progress Notes (P DP 553–P DP 558) | | |
| 30 | NYU Langone Health System Medical Report (P DP 561–P DP 584) | | |
| 31 | Pain Physicians NY, PLLC (P DP 585–P DP 598) | | |
| 32 | Physical Medicine and Rehabilitation of New York Medical Report (P DP 602–P 612) | | |
| 33 | Total Neurocare P.C. Neurological Consultation (P DP 613–P DP 623) | | |

<u>Defendant's</u>

| Ex. | Description | Objection(s) | Response(s) |
|---|---|---|---|
| A | The contract between the City and Hotel Group for the use of the | | |

|   |   |   |   |
|---|---|---|---|
|   | Howard Johnson Hotel for a shelter program. |   |   |
| B | The photo(s) of the hotel lobby (taken in Feb, 2025) |   |   |
| C | Deposition of Plaintiff (for impeachment) |   |   |
| D | Amended Complaint (for impeachment) | Not Plaintiff's statement, can't be used to impeach Plaintiff | The attorney-drafted complaint is based on the information from the Plaintiff; thus, it can be used for impeachment at trial. |
| E | Complaint filed by the Plaintiff in the New York State Court (for impeachment) | Not Plaintiff's statement (verified by attorney), can't be used to impeach Plaintiff | The attorney-drafted complaint is based on the information from the Plaintiff; thus, it can be used for impeachment at trial. |
| F | Medical records provided by Plaintiff (for impeachment) | Cumulative with Plaintiff's Exhibits 7–33. |   |
| G | Workers' Compensation proceedings document (for impeachment) |   |   |

### XII.     MOTIONS IN LIMINE

N/A

Respectfully submitted,

Plaintiff
Aaron B. Schweitzer
John Troy
Tiffany Troy
41-25 Kissena Blvd, Suite 110
Flushing, NY 11355

Defendants
Kevin Kerveng Tung
Bo Chen
Kevin Kerveng Tung, P.C.
136-20 38th Avenue, Suite 3D
Flushing, NY 11354

Tel: (718) 762-1324  
Email: TroyLaw@TroyPllc.com

Tel: 718- 939- 4633  
Email: bchen@kktlawfirm.com

*/s/ John Troy*  
John Troy, Esq.

*/s/ Bo Chen*  
Bo Chen, Esq.

 Service of a copy of this order shall be made by the Clerk of the Court by forwarding a copy hereof to all parties.

Dated: New York, NY  
   _____ , \_\_\_\_\_ 2025

            SO ORDERED

            /s/ Ramón E. Reyes, Jr.  
            Hon. Ramon Reyes, U.S.D.J.