UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEANNETTE FIGUEROA,

                            Plaintiff,

         -against-

MAYFLOWER INTERNATIONAL HOTEL GROUP
INC, d/b/a Mayflower Hotel, d/b/a Wyndham Garden,
YAN ZHI HOTEL MANAGEMENT INC, d/b/a Mayflower
Hotel, d/b/a Howard Johnson Hotel,

                            Defendants.
-------------------------------------------------------------X

**FINAL
JURY INSTRUCTIONS**

23-CV-04729 (RER) (PK)

**RAMÓN E. REYES, JR., District Judge:**

## I.   INTRODUCTION

Ladies and gentlemen of the jury, now that you have heard the evidence in this case and the arguments of each side, it is my duty to give you instructions on the law you must apply to reach a verdict. Please pay close attention. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have as to what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than that given to you in these instructions.

During the trial, the attorneys may have referred to some of the rules of law governing this case. If there appears to you to be any difference between the law as stated by counsel and the law as I now state to you, it is my instructions on the law that you must follow. You should not single out any one instruction I give you as alone stating the law. Rather, you should consider these instructions as a whole when you retire to the

jury room to deliberate on your verdict.

I am going to begin by stating some general rules of law that may help you understand your role and the way in which you are to review the evidence in this case. I will then instruct you as to the particular claims alleged in this case and the elements that the plaintiff must prove with respect to each.

Because there are two claims alleged, I think it may be useful for you to have a copy of these instructions to refer to during your deliberations. These instructions are not evidence in the case. Rather, they are provided simply so that you can understand the legal principles applicable to your deliberations.

### A. Role of the Court and Jury

In charging you on the applicable law, let me be clear that I am expressing no opinion about how you should decide the facts of this case. That is a task left exclusively to you, the jury. With respect to any question concerning the facts, it is your recollection of the evidence that controls. Nothing I have said or done during this trial should be taken by you as expressing any opinion about the facts of this case.

Thus, you should attach no special significance to any questions I may have asked during the trial, or instructions I have given to the attorneys during their questioning of witnesses. These were asked simply to clarify matters, not to express any opinion as to facts in dispute.

Neither should you draw any conclusion from any occasions when I may have commented about any conduct by the attorneys during this trial. The issue before you is not the conduct of the lawyers; the issue is whether or not the plaintiff has sustained her burden of proof. I thank all counsel for the conscientious efforts they have made to present

2

this case to you.

## B. Parties Are Equal

In determining the issues of fact presented in this case, it is your duty as jurors to consider all the evidence before you with complete impartiality and to render your verdict without bias, prejudice, or sympathy as to any party. All parties are equal before the law, and you can assume that the case is important to all parties.

Thus, this case should be considered and decided by you as an action between parties of equal standing in the community. All persons and all institutions or entities stand equal before the law and are to be dealt with as equals in this Court. All parties are entitled to equal consideration. No party is entitled to special sympathy or favor on your part. You must judge the facts and apply the law as I shall instruct you without bias, prejudice, or sympathy to either the plaintiff or the defendants.

## C. Use of Interpreters

Several witnesses in this case used an interpreter. Court interpreters are specifically trained for such translation, and you should in no way draw any negative inferences from a witness's use of an interpreter. You should also rely solely on the interpreter's translation, even if any juror among you understands the original language in which the witness spoke. The English translation provided by the interpreter is the official version of that witness' testimony, and no juror should attempt to re-translate any of the testimony.

## D. Types of Evidence

I wish to instruct you now as to what evidence is, and how you should consider it. The evidence upon which you are to determine the facts comes in several forms:

3

1. Sworn testimony of witnesses, both on direct and cross examination, regardless of who called the witness.
2. Deposition testimony of witnesses who have appeared in court to the extent it is inconsistent with their trial testimony.
3. Exhibits that have been received by the court in evidence.
4. Stipulations of facts to which all the parties have agreed or stipulated.

Certain things, however, are not evidence and are to be disregarded by you in deciding what the facts are.

1. Arguments or statements by lawyers are not evidence.
2. Questions put to witnesses are not evidence, unless adopted by the witness.
3. Objections to the questions or to offered exhibits are not evidence.

   In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received. You should not be influenced by the objection or by the Court's ruling on it. If the objection was sustained, ignore the question. If the objection was overruled, treat the answer like any other answer.
4. Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence and must be disregarded.
5. Obviously, anything you may have seen or heard outside the courtroom is not evidence.
6. Finally, nothing I have said or done should be used by you in reaching a verdict.

*   *   *

It is your recollection of the evidence that governs your determinations. If, in the course of your deliberations, you have any questions regarding the particulars of a

Case 1:23-cv-04729-RER-PK   Document 68   Filed 10/23/25   Page 5 of 20 PageID #: 740

witness's testimony, you can simply send me a note indicating that you would like to have the witness's testimony read back to you. Although you may request that all of the testimony by a witness be read back, you should be as specific as possible and attempt to focus your request on testimony regarding a specific issue. You may, of course, view any exhibit admitted into evidence, and I am making arrangements for you to have all of the exhibits in the jury room during your deliberations.

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts. One is direct evidence, such as the testimony of an eyewitness to an event. The other is indirect or circumstantial evidence. This is the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

A simple example of circumstantial evidence would be the following: If you were to come to court on a bright sunny day and then, after several hours in this windowless courtroom, you were to see people entering from the rear, one wearing a wet raincoat and the other shaking a wet umbrella, you may—but are not required to—infer from these circumstances that it had rained while you were here in court without yourselves ever going outside or even looking out a window.

So, in a trial, you are permitted to draw, from facts that you find have been proved, such reasonable inferences or conclusions as seem justified in light of your experience and common sense.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

### E. Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe, which testimony not to believe, and what weight to assign the testimony. In making that decision, there are a number of factors you should take into account, including the following:

1. the witness's opportunity to observe the events she described;
2. the witness's intelligence and memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case;
5. the witness's relationship with any of the parties in the case, and the possible bias or prejudice concerning any party or any matter involved in the case; and
6. the reasonableness of the witness's testimony considered in the light of all the other evidence in the case.

There are some other points you should keep in mind in making your decision on credibility:

First, if you find that a witness's testimony is contradicted by what that witness has said or done at another time—or by the testimony of other witnesses—you may disbelieve all or any part of the witness's testimony. But in deciding whether or not to believe the witness, keep this in mind:

(a) People sometimes forget things and memories fade over time. A contradiction may be an innocent lapse of memory, or it may be an intentional falsehood. You must not infer that a witness is lying based solely upon the fact that the witness does not recall some or all of the events that are at issue. Consider, therefore, whether it has

6

to do with an important fact or only a small detail.

(b) Different people observing the same event may remember it differently and therefore testify about it differently.

Second, in deciding whether to believe a witness, you should especially note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

Third, if you find that any witness has willfully testified falsely as to any material fact, that is, as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts of this case, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

To sum up, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

## F. Interested Witness Charge

The plaintiff Jeannette Figueroa and Weihong Hu, president and owner of the corporate defendants, have testified during the trial. They are what are referred to in the

7

law as "interested witnesses" because they have an interest in the outcome of the case. The fact that a witness is an "interested witness" does not necessarily make him or her less credible than a witness who is not interested. It is for you to determine from the behavior of such a witness while he or she testified, and from your general experience in judging people, whether or not their testimony has been shaded or colored in this case, either intentionally or unintentionally.

If you think it appropriate to do so, you may refuse to believe the testimony of such a witness even though that testimony has not been impeached or contradicted. You are not, however, required to disbelieve such a witness, and you may accept all or so much of his or her testimony as you think is reliable, and reject so much of it as you think is unreliable.

### G. Burden of Proof

In a civil action such as this, the plaintiff has the burden of proving the essential elements of her claims against each defendant by a preponderance of the evidence. To establish a claim by a preponderance of the evidence means simply to prove that something is more likely so than not so. A preponderance of the evidence means the greater part of the evidence. It does not mean the greater number of witnesses, or the greater length of time taken by either side. The phrase, "preponderance of the evidence" refers to the quality of the evidence—the weight and effect it has on your mind. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. If the plaintiff is to win, the evidence that supports her claims must appeal

8

to you as more nearly representing what took place than the evidence opposed to her claims.

If the evidence weighs so evenly that you are unable to say that there is a preponderance on the plaintiff's side, then you must return a verdict for the defendants.

To restate briefly—a preponderance of the evidence means such evidence as when considered and compared with that opposed to it, produces in your mind a belief that what is sought to be proved is more likely the case than not the case.

## II. LAW CONTROLLING THE CASE

At the start of the case, you heard that there were federal claims against the corporate hotel defendants, and state, and city claims against the hotel defendants and the individual defendants Henley Liang and Weihong Hu.

Some of these claims have since been dismissed. This includes the federal Title VII claim against the hotel defendants, and the state and city claims against the individual defendants Henley Liang and Weihong Hu. The two remaining claims in this case, upon which you will decide, are those alleging that the hotel defendants are liable for violations of the New York State and New York City Human Rights Laws. I will now instruct you as to the legal elements of the those claims against the hotel defendants – that is, what the plaintiff must prove – and the law of damages.

A word of caution: although certain claims have been dismissed against certain defendants, this has no bearing on your decision on the liability, if any, for the remaining claims against the remaining defendants. There were both individual and corporate defendants in this case, and it does not follow that if some claims have been dismissed against the hotel defendants and all claims have been dismissed against the individual

9

defendants, that this determines the liability, if any, of the corporate defendants for the remaining New York State and New York City Human Rights Law claims. You must assess those claims without regard to any of the other dismissed claims.

I will now instruct you on the substantive law on the New York State and New York City Human Rights Law claims against the hotel defendants.

## A. NEW YORK STATE HUMAN RIGHTS LAW

As you have heard, this is an action to recover damages for employment discrimination arising from a hostile work environment. The New York State Human Rights Law prohibits employment discrimination based on sex. In this case, Jeannette Figueroa claims that she was subjected to a hostile work environment because of her sex.

Specifically, plaintiff claims she was subjected to sex-based discrimination in the form of comments, gestures, and other physical harassment from shelter residents at the hotel and that the hotel defendants knew or, in the exercise of reasonable care, should have known, about the conduct and either accepted or approved it. The hotel defendants deny that plaintiff was subjected to a hostile work environment because of her sex and specifically deny that they accepted or approved it.

There is no dispute that plaintiff is a woman and was employed by the hotel defendants. Therefore, in order for plaintiff to recover for employment discrimination arising out of a hostile work environment, plaintiff must prove, by a preponderance of the evidence, (1) that the comments, gestures, and other physical harassment plaintiff claims actually occurred; (2) that the conduct was unwanted; (3) that plaintiff was subjected to the conduct because she is a woman; (4) that a reasonable woman in plaintiff's position

10

would consider the work environment to be hostile; (5) that plaintiff actually considered the work environment to be hostile; (6) that the conduct subjected plaintiff to inferior terms, conditions or privileges of employment; (7) that defendants knew or, in the exercise of reasonable care, should have known about the conduct and either accepted or approved it; and (8) that plaintiff was harmed because of the conduct.

A hostile work environment exists when the conduct at the workplace, including intimidation, ridicule or insults, would cause a reasonable woman in plaintiff's circumstances to consider the work environment to be hostile.

In deciding whether plaintiff's work environment was hostile and subjected her to inferior terms, conditions or privileges of employment, you must consider all of the circumstances, including (1) the effect on her psychological well-being; (2) whether the conduct was humiliating or physically threatening; and (3) whether the conduct unreasonably interfered with her work performance.

In deciding whether defendants accepted or approved of the shelter residents' conduct, you must consider whether, and if so, when defendants learned or should have learned of the conduct and failed to conduct an investigation, conducted an inadequate investigation, and, or, failed to take appropriate corrective action.

In order to find defendants liable to plaintiff, you must decide (1) that the comments, gestures, and other physical harassment actually occurred; (2) that the conduct was unwanted; (3) that plaintiff was subjected to the conduct because she is a woman; (4) that a reasonable woman in plaintiff's position would consider the work environment to be hostile; (5) that plaintiff actually considered the work environment to be hostile; (6) that the conduct subjected plaintiff to inferior terms, conditions or privileges of employment;

11

(7) that defendants knew or, in the exercise of reasonable care, should have known about the conduct and either accepted or approved it; and (8) that plaintiff was harmed because of the conduct.

On the other hand, you will find the hotel defendants are not liable to plaintiff if you decide (1) that the comments, gestures, and other physical harassment did not actually occur; or (2) that the conduct was not unwanted; or (3) that plaintiff was not subjected to the conduct because she is a woman; or (4) that a reasonable woman would not consider the work environment to be hostile; or (5) that plaintiff did not actually consider the work environment to be hostile; or (6) that the conduct did not subject plaintiff to inferior terms, conditions or privileges of employment; or (7) that defendants did not know or, in the exercise of reasonable care, should not have known about the conduct; or (8) that plaintiff was not harmed because of the conduct.

## B. NEW YORK CITY HUMAN RIGHTS LAW

So far, I have told you about the law that you must use in deciding plaintiff's claim under the New York State Human Rights Law. However, plaintiff is also seeking damages for a claimed violation of the New York City Human Rights Law, and there are different legal rules that you must use to decide that claim. I will now tell you about those rules.

The New York City Human Rights Law prohibits employment discrimination based on sex. In this case, the plaintiff claims that she was subjected to a hostile work environment because she is a woman.

Specifically, plaintiff claims that she was treated less well than other employees because she is a woman when she was allegedly harassed through comments, gestures and other physical harassment from the shelter residents.

12

Additionally, plaintiff claims that the hotel defendants knew of the shelter residents' conduct and either accepted it or failed to take immediate and appropriate corrective action. Defendants are considered to have had knowledge of the shelter residents' discriminatory conduct if an employee with supervisory or managerial responsibility knew of it.

The defendants deny that plaintiff was treated less well than other employees because she is a woman and specifically deny that they either accepted it or failed to take immediate and appropriate corrective action.

As I stated previously, there is no dispute that plaintiff is a woman and was employed by defendants. Thus, in order to recover under the New York City Human Rights Law, plaintiff must prove by a preponderance of the evidence, (1) that the comments, gestures, and other physical harassment plaintiff claims actually occurred; (2) that the conduct was unwanted; (3) that plaintiff was subjected to the conduct because she is a woman; (4) that, as a result of the conduct, a reasonable woman would consider that she was being treated less well than other employees under all of the circumstances; (5) that plaintiff actually considered that she was being treated less well than other employees because she is a woman; (6) that the employee who allegedly knew of the harassment was exercising managerial or supervisory responsibilities at plaintiff's workplace; and that defendants knew of the shelter residents' conduct and either accepted it or failed to take immediate and appropriate corrective action; or that, in the exercise of reasonable care, defendants should have known of the shelter residents' conduct and failed to exercise reasonable diligence to prevent such conduct; and (9) that plaintiff was harmed because of the conduct.

13

If you decide by a preponderance of the evidence (1) that the comments, gestures, and other physical harassment actually occurred; (2) that the conduct was unwanted; (3) that plaintiff was subjected to the conduct because she is a woman; (4) that, as a result of the conduct, a reasonable woman would consider that she was being treated less well than other employees under all of the circumstances; (5) that plaintiff actually considered that she was being treated less well than other employees because she is a woman; (6) that the employee who allegedly knew of the harassment was exercising managerial or supervisory responsibilities at plaintiff's workplace; and/or that defendants knew of the shelter residents' conduct and either accepted it or failed to take immediate and appropriate corrective action; or that, in the exercise of reasonable care, defendants should have known of the shelter residents' conduct and failed to exercise reasonable diligence to prevent such conduct; and (7) that plaintiff was harmed because of the conduct, you will find defendants liable to plaintiff and you will proceed to consider the amount of plaintiff's damages.

On the other hand, you will find that defendants are not liable to plaintiff if you decide (1) that the comments, gestures, and other physical harassment plaintiff claims did not actually occur; or (2) that the conduct was not unwanted; or (3) that plaintiff was not subjected to the conduct because she is a woman; or (4) that, as a result of the conduct, a reasonable woman would not have considered that she was being treated less well than other employees under all of the circumstances; or (5) that plaintiff did not actually consider that she was being treated less well than other employees because she is a woman; or (6) that the employee who allegedly knew of the harassment was not exercising managerial or supervisory responsibilities at plaintiff's workplace; and/or that

defendants did not know of the shelter residents' conduct or, if defendants knew, did not either accept it or fail to take immediate and appropriate corrective action; or that, even in the exercise of reasonable care, defendants could not have known of the shelter residents' conduct or, if defendant should have known, defendants exercised reasonable diligence to prevent such conduct; or (7) that plaintiff was not harmed because of the conduct, you will find that defendants are not liable to plaintiff and will proceed no further on this claim.

### III. DAMAGES

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff on either or both of her claims. It is for you to decide on the evidence presented and the rules of law I have given you whether plaintiff is entitled to recover from the defendants. If you decide that the hotel corporation is not liable to plaintiff, you need not consider damages. Only if you decide that the hotel corporation is liable to plaintiff will you consider the amount of plaintiff damages.

#### A. Proximate Cause

Even if you find for the plaintiff on any her claims, you must ask yourself whether the plaintiff has proven, by a preponderance of the evidence, that the defendants' violations caused the damages that she claims to have suffered. You must only award damages caused by said violations.

#### B. Compensatory Damages

If you find that plaintiff is entitled to recover from the hotel corporation, you must render a verdict in a sum of money that will justly and fairly compensate plaintiff for all

15

losses and harm resulting from the hostile work environment. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize the hotel corporation.

Compensatory damages for employment discrimination arising from a hostile work environment are not limited to the actual loss of time or money. Compensatory damages may include both the mental and physical aspects of the harm. You must determine the amount that will fairly compensate plaintiff for her harm. There is no exact standard to be applied. You must award an amount that is fair and just in light of the evidence. In determining plaintiff's damages, you should consider her emotional pain and mental anguish as well as any monetary loss.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

### C. Punitive Damages

If you find for the plaintiff on her New York City Human Rights Law claim, you may, but are not required to, award punitive damages. Punitive damages are awarded, at the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like them from committing such conduct in the future. In this case, only New York City Human Rights Law allows for punitive damages, while New York State Human Rights Law does not.

16

You may award the plaintiff punitive damages if you find that the acts of a defendant demonstrate willful or wanton negligence, recklessness, or a conscious disregard for the rights of others. An act is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to a plaintiff's safety or rights, or a defendant acts in the face of a perceived risk that their actions will violate the plaintiff's rights.

If you find by a preponderance of the evidence that defendants acted with reckless or callous disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if awarded, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of defendants' conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. You may award punitive damages for a violation of New York City Human Rights Law without awarding compensatory damages, but remember, New York State Human Rights Law does not allow for punitive damages.

D.  **Prohibition on Double or Recovery**

If you find that defendants did, in fact, violate more than one law, you must

remember in calculating the damages that the plaintiff is entitled to be compensated only for injuries she actually suffered. Thus, if defendants violated more than one law, the resulting injury is still no greater than it would have been had defendants violated only one law. Accordingly, you should award an amount of compensatory damages no greater than you would award if the defendants had violated only of those laws. In sum, you must be careful in the determination of the proper measure of damages in a cause of action when there is a similar state and city law claim that you do not award double compensation for a single injury.

## IV.   CLOSING INTSTRUCTIONS

I have now outlined for you the rules of law applicable to this case and the processes by which you weigh the evidence and determine the facts. In a few minutes you will retire to the jury room for your deliberations.

The first thing you must do when you retire to the jury room is select a foreperson. Traditionally, Juror Number 1 serves as foreperson. If, however, Juror Number 1 does not wish to serve as foreperson, when you go to the jury room to begin considering the evidence in this case, I suggest that you select another member of the jury to act as your foreperson. Please do that expeditiously and in a manner which does not result in any disputes among you. To ensure that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, that person's vote is not entitled to any greater weight than that of any other juror.

When you are in the jury room, you may discuss the case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view of reaching agreement on a verdict, if you can do so without violating your individual judgment and

18

your conscience. During your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another.

All jurors must be present throughout the deliberations. Whenever you take a break, you must wait for all jurors to return before resuming your discussion of the case.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

If you wish to have any portion of the testimony repeated, you may simply indicate that in a note. We will make arrangements to have all of the exhibits received in evidence sent into the jury room.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is. In no communication with the court should you ever give a numerical count of where the jury stands in its deliberations.

<u>Your verdict must be unanimous.</u>

To help you in your deliberations, I have prepared a verdict form in which I have

particularized the plaintiff's claims for relief. I hope the form helps you keep track of the claims. It is, however, in no way intended to indicate how you must deliberate or decide the facts of this case. For it is your responsibility to decide whether the plaintiff have met their burden to establish each of these claims by a preponderance of the evidence.

In your deliberations, please remember that the dispute between the parties is, for them, no passing matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jury members to well and truly try the issues of this case and a true verdict render.

Before asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.