# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

No. 23-CV-04729 (RER) (PK)

---

JEANNETTE FIGUEROA,

VERSUS

MAYFLOWER INTERNATIONAL HOTEL GROUP, INC.,
D/B/A MAYFLOWER HOTEL, D/B/A WYNDHAM GARDEN,
AND YAN ZHI HOTEL MANAGEMENT INC,
D/B/A MAYFLOWER HOTEL, D/B/A HOWARD JOHNSON HOTEL

---

**MEMORANDUM & ORDER**

---

**RAMÓN E. REYES, JR., District Judge:**

Jeanette Figueroa ("Plaintiff" or "Figueroa") obtained a jury verdict and judgment against Mayflower International Hotel Group, Inc, and Yan Zhi Hotel Management Inc. ("Defendants") in her employment discrimination action alleging violations of New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(1), and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. After trial, Plaintiff filed an unopposed motion for attorney fees and costs (ECF No. 73), and Defendants filed a Rule 59 motion for a new trial or remittitur of the judgment (ECF No. 76).  For the reasons set forth below, the Court finds that Plaintiff's counsel is entitled to $33,205.25 in attorney fees and $4,894.37 in costs, and Defendants' motion is DENIED.

1

## **BACKGROUND**

Plaintiff filed this action on June 25, 2023, claiming individual and corporate defendants violated her rights under Title VII, 42 U.S.C. § 2000e-2(a)(1), NYSHRL and NYCHRL.

The Court held a jury trial in this matter on October 20–23, 2025. After Plaintiff's case, the Court dismissed *sua sponte* her claims pursuant to Title VII as a matter of law.[1] Upon conclusion of Plaintiff's case, the Court granted Defendants' oral Rule 50 motion to dismiss all claims against individual defendants as a matter of law.[2] (Minute Entry dated 10/22/2025).

The jury found in favor of Figueroa on her NYSHRL and NYCHRL claims for sex discrimination and awarded her $1,650,000,000 compensatory damages and $2,000,000 punitive damages for a total sum of $3,650,000. (ECF No. 69). The Court entered judgment on October 27, 2025, with a modification the following day to correct a minor

---

[1] Pursuant to Rule 50 of the Federal Rules of Civil Procedure, the Court dismissed *sua sponte* Figueroa's Title VII hostile work environment claim because she provided no testimony to establish the requisite minimum of fifteen employees to trigger Title VII liability. (10/22/2025 Trial Tr. 37:15–25, 38:1–8, 40:6–9); *See* 42 U.S.C. § 2000e(b); *Moscatelli v. Owl's Nest, Inc.*, 554 F. Supp. 3d 437, 441 (E.D.N.Y. 2021) ("An employer is not covered by the provisions of Title VII, unless the employer has at least fifteen employees.") (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 195 (2d Cir. 2005)). The Court maintained supplemental jurisdiction over Plaintiff's city and state claims. (Trial Tr. 38: 6–8); see *Kittrell v. Dep't of Citywide Admin. Servs. Div. of Pers.*, No. 10-CV-2606 (NGG) (RLM), 2013 WL 2395198, at *17 (E.D.N.Y. May 31, 2013) ("Even where all federal claims are eliminated from the case, a court may opt to exercise supplemental jurisdiction over municipal and state law claims—a decision over which it has broad discretion.") (citing 28 U.S.C. § 1367(c)), *aff'd*, 561 F. App'x 30 (2d Cir. 2014).

[2] (*See* 10/22/2025 Trial Tr. 77: 2–25, 78: 1–25, 79: 1–3) (dismissing claims against individual defendants under Rule 50 of the Federal Rules of Civil Procedure); *see also Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450, 459 (2021) (". . . shareholders, agents, limited partners, and employees of [a business] entity are not employers within the meaning of the City HRL. Rather, those individuals may incur liability for their own discriminatory conduct, for aiding and abetting such conduct by others, or for retaliation against protected conduct").

mathematical error in the total sum.[3] (ECF No. 71). Figueroa filed her unopposed motion for attorney fees on November 11, 2025. (ECF Nos. 72, 75). On November 26, 2025, Defendants filed their motion for a new trial, or alternatively, a reduction of Plaintiff's award.  (ECF Nos. 76, 76-1 ("Defs.' Mem."); (*see also* ECF Nos. 82 (Opp'n") and 83 ("Reply")).

## **DISCUSSION**

I.    Plaintiff's Motion for Attorney Fees is Granted in Part

Both NYSHRL and NYCHRL provide for an award of reasonable attorney fees and costs to a prevailing plaintiff. N.Y. Exec. L. § 297(10); N.Y.C. Admin. Code § 8-502. The prevailing party ultimately bears the burden of proving the requested fees are reasonable. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Ravina v. Columbia Univ.*, No. 16 Civ. 2137 (RA), 2020 WL 1080780, at *2 (S.D.N.Y. Mar. 6, 2020) (citing *Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999)). This Circuit calculates the presumptively reasonable attorney fees, or lodestar, by determining a reasonable hourly rate, and hours reasonably expended on the litigation. *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Kyros L. P.C. v. World Wrestling Ent.*, Inc., 78 F.4th 532, 547–549 (2d Cir. 2023). Such a calculation considers several factors, including "the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Hashimi v. Conandy Realty LLC,* No. 23-CV-2300 (LDH) (MMH), 2025 WL 914697, at *2 (E.D.N.Y. Mar. 26, 2025) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186, n.3, 190 (2d Cir. 2008));

---

[3] The total sum was originally entered on October 27, 2025, as $3,625,000, and then corrected on October 28, 2025, to $3,650,000. (*See* ECF No. 71).

*see also Li v. NY Capri Nails & Spa Inc.,* 797 F. Supp. 3d 119, 126 (E.D.N.Y. 2025) ("[C]onsiderations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate used to calculate the lodestar initially.") (citing *Millea*, 658 F.3d at 166–67). "A district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea,* 658 F.3d at 167.

Here, Plaintiff seeks $66,004.33 in fees and $4,894.37 in costs for a total of $70,898.70 associated with litigating this case. (ECF No. 74 at 15). In support, Plaintiff's counsel John Troy submits a declaration with justification for a total of 247 hours of work on this case. (ECF No. 74).  John Troy is the principle and sole partner of Troy Law, PLLC, and was admitted to the New York State Bar in 1989. (ECF No. 74 ¶¶ 14, 16). The firm's primary focus and purported area of expertise is wage and hour employment litigation. (*Id.*  ¶¶ 19–21, 26–30). Plaintiff seeks a $650 hourly rate for John Troy's 7.49 hours of "partner-level" work and a $300 hourly rate for 3.4 hours of "less-than-partner-level" work. (*Id.* ¶ 62). Aaron B. Schweitzer has been the firm's managing attorney since 2018. (*Id.* ¶ 33).  He was admitted to the New Jersey Bar in 2017 and the New York Bar in 2018. (*Id.* ¶ 35). Plaintiff seeks a $400 hourly rate for Schweitzer's 38.04 hours of associate-level work, and a $200 hourly rate for 11.34 hours of "less-than-associate-level" work. (*Id.* ¶ 62). Tiffany Troy, admitted to the New York Bar in 2021, appears to be an associate at the firm.  (*Id.* ¶ 46, 62). Plaintiff seeks a $250 hourly rate for Tiffany Troy's 155.86 hours of associate-level work, and a $150 hourly rate for 15.78 of "less-than-associate-level" work. (*Id.* ¶ 62). Gavin Dass has been a clerk at the firm since 2021 and holds a bachelor's degree. (*Id.* ¶ 59).  Plaintiff seeks a $150 hourly rate for Dass' 8.66 hours of work. (*Id.* ¶ 62). Plaintiff's counsel also includes a total of seven

4

pro-bono hours (*id.*), along with the required invoice showing contemporaneous time records of legal and administrative hours (ECF No. 74-10 ("Invoice")).

In this District, hourly rates for civil rights litigation range from approximately $300–$450 per hour for partners and $100–$325 per hour for associates. *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-3942 (RER), 2021 WL 1193144, at *5 (E.D.N.Y. Mar. 29, 2021) (citing *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 252 (E.D.N.Y. 2020 (collecting cases)); *see also Shuford v. Cardoza*, No. 17-CV-6349 (JRC), 2024 WL 865989, at *3 (E.D.N.Y. Feb. 28, 2024) (citing a range of $300 to $400 for experienced civil rights attorneys) (collecting cases); *Sun v. Sushi Fussion Express, Inc.*, No. 16-CV-4840 (RPK) (LB), 2022 WL 2193441, at *2 (E.D.N.Y. June 17, 2022) ("[A]pproved hourly rates for attorneys normally range from $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals"). Rates exceeding these ranges are reserved for cases that are "unusually difficult and complex." *Shuford*, 2024 WL 865989, at *4.

Given these ranges, Plaintiff's requested hourly rates for her attorneys are excessive. They exceed the typical ranges in this District, and there is no evidence that this case was particularly complex. Further, while Troy Law has represented clients in hundreds of cases in this District and others (*see* ECF No. 74-1, 74-3, 74-7), "'reputation' is one of the factors the Supreme Court requires courts to consider in evaluating appropriate hourly rates for a law firm." *Li v. NY Capri Nails & Spa Inc.*, 797 F. Supp. 3d 119, 131 (E.D.N.Y. 2025); *see Blum*, 465 U.S. at 895 n.11. The Court would be remiss not to acknowledge that such a consideration does not weigh strongly in the firm's favor.  Unfortunately, Troy Law's reputation is "universally regarded as poor." *Li*, 797 F. Supp. 3d at 131 (E.D.N.Y. 2025).

Several courts in this Circuit have compiled the numerous decisions admonishing the firm's billing practices, s*ee e.g.*, *id.*; *Garcia v. Francis Gen. Constr. Inc.*, No. 20 Civ. 4323 (JPC), 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022); *Panora v. Deenora Corp.*, No. 19-cv-7267 (BMC), 2021 WL 5712119, at *6 (E.D.N.Y. Dec. 2, 2021), and courts routinely reduce Troy Law's rates, *Hong v. Mito Asian Fusion, Inc.*, No. 19-CV-3149 (TAM), 2023 WL 3092722, at *5 (E.D.N.Y. Apr. 26, 2023) (collecting cases); *Sun*, 2022 WL 2193441, at *2 (collecting cases).  Though Troy Law seems to have heeded those reprimands here to some degree, a consideration of this District's typical fee awards, the firm's reputation, and it's performance in this case, guides the Court's reduction of hourly rates as follows: $325 per hour from John Troy's partner-level work, and $150 for his paralegal-level work; $200 per hour for Mr. Schweitzer's associate-level work and $100 for his travel and paralegal-level work; $150 per hour for Tiffany Troy's associate-level work and $75 per hour for her paralegal-level work, and travel; and $75 for Gavin Dass's work.

The Court next evaluates the number of hours billed on the contemporaneous time records and finds a 10% reduction to be appropriate. "District courts reviewing fee petitions must exclude hours that are excessive, redundant, or otherwise unnecessary, allowing only those hours that are reasonably expended." *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2023 WL 2614143, at *6 (E.D.N.Y. Mar. 23, 2023) (citing *Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96, 97 (2d Cir. 2017)). Courts may also apply percentage reductions for several reasons including hours worked on a simple legal question, vague or inconsistent time entries, unnecessary or inefficient hours worked, and time spent on clerical tasks. *Id.; see also Sun*, 2022 WL 2193441, at *4 (citing *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). While the

6

Court need not evaluate the billing line-by-line, Troy Law's past practices merit particularly close attention to its invoice. *See e.g.*, *Zang v. Daxi Sichuan, Inc.*, No. 18-CV-06910 (DG) (SJB), 2023 WL 2305934, at *8 (E.D.N.Y. Mar. 1, 2023).

Troy Law submits a total of 247.07 hours worked on this case between 2022 and the filing of this motion. (Invoice at 15). The invoice demonstrates some improvement from prior admonishment to better reflect the work done and assign it to appropriate level staff, but the Court's careful review reveals a number of questionable billing decisions. For example, Tiffany Troy engaged in several tasks more appropriate for a paralegal, including scanning and verifying a client ID, and charging her full hourly rate for setting up and downloading recordings of video calls, reminding Plaintiff of an appointment, and printing meeting agendas. (Invoice at 1, 3, 5, 8). John Troy billed at his $650 hourly rate for filing a Notice of In Person Delivery. (*Id.* at 8). Accordingly, the Court applies a 10% reduction to all firm personnel hours. *See Lee v. Mani & Pedi Inc.*, No. 20 Civ. 10787 (JCM), 2022 WL 3645118, at *13 (S.D.N.Y. Aug. 24, 2022) ("The reduction can range from 5 or 10% at the lower end for a limited amount of improper billing practices . . . to 50% for egregious litigation conduct or excessive inefficiencies . . .) (quotation marks omitted).

The adjusted reasonable rates and a 10% reduction in hours result in the following calculations: 6.74 hours at a $325 hourly rate and 3.06 hours at a $150 hourly rate, totaling $2649.50 for John Troy's work; 34.23 hours at a $200 hourly rate and 10.2 hours at a $100 hourly rate, totaling $7866 for Schweitzer's work; 140.27 hours at a $150 hourly rate and 14.2 hours at a $75 hourly rate, totaling $22,105.50 for Tiffany Troy's work; and 7.79 hours at a $75 hourly rate, totaling $584.25 for Gavin Dass' work. In sum, Plaintiff's counsel may recover reasonable attorney fees of $33,205.25.

Figueroa's counsel also requests $4894.37 in costs for court reporters, interpreters, mailings, research fees, and document requests. (Invoice at 11). Such "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients" are recoverable. *Smith v. City of New York*, No. 19-CV-6198 (KAM) (VMS), 2022 WL 939711, at *11 (E.D.N.Y. Mar. 28, 2022) (citing *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.* (citation omitted).  Plaintiff's counsel provides receipts (ECF No. 74-11) and is entitled to reasonable costs of $4,894.37.

## II.    Defendants' Motion for a New Trial is Untimely

Rule 59 of the Federal Rules of Civil Procedure allows a court to grant "a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A party must file its Rule 59 motion for a new trial "no later than 28 days after entry of judgment," Fed. R. Civ. P. 59(b), (e), a timeline the court generally may not extend absent an opposing party's waiver or equitable exception. *See Legg v. Ulster County*, 820 F.3d 67, 78–79 (2d Cir. 2016) (citing Fed. R. Civ. P. 6(b)(2)). If timely, a court should grant such a motion only when ". . . in the opinion of the district court, the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *Davids v. Novartis Pharms. Corp.*, 977 F. Supp. 2d 171, 178 (E.D.N.Y. 2013) (citing *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir.1998)). "Absent a showing of prejudice, the jury's verdict should not be disturbed." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012).

Here, Defendants' November 26, 2025, motion for a new trial was untimely. The Court entered judgment on October 27, 2025, (ECF No. 71), rendering Defendants' motion deadline as November 24, 2025. Even if the next day clerical correction to the amount of the jury award changed this deadline—which it did not—the revised deadline would have been November 25, 2025. *See Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 221 ("When both an initial judgment and an amended judgment exist, the timeliness of a Rule 59(e) motion is determined from the date of the amended judgment *only* if the motion bears some relationship to the district court's alteration of the first judgment.") (emphasis in original). Defendants' only rationale for filing an untimely motion is their own deficiency in "attempting" to file it on November 25, 2026 (a day late), encountering "technical issues," and then finally filing it on November 26, 2026 (two days late). (*See* Reply at 6).

This narrative is neither relevant nor compelling. First, Defendants cannot and do not argue that Figueroa waived enforcement of the procedural rules because "Plaintiff has not waived enforcement" and "insist[s] on enforcement of Rule 59(b)'s deadline . . ." (*See* Opp'n at 8). Second, as Plaintiff correctly states, "nowhere . . . do Defendants argue they should be entitled to an equitable exception" of that deadline (*id.*), and the Court discerns no justification to disturb the jury's verdict. The motion for a new trial is, therefore, denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorney fees (ECF No. 73), is granted in part. Plaintiff is awarded $33,205.25 in attorney fees and $4894.37 in costs. Defendants' motion for a new trial (ECF No. 76) is denied.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 27, 2026
        Brooklyn, NY